## EX PARTE HILTON.

1. ADMINISTRATOR—COMMISSIONS.—When one of two administrators of an estate performs all the services in administration, the other is not entitled to any commissions.

2. JURISDICTION —JUDGE —RELATIONSHIP —CONSTITUTION — WAIVER — PROBATE JUDGE.—A party who knows the relationship of a probate judge to himself and other parties to a proceeding, and does not object to his hearing the case until he has pronounced his judgment orally, has waived his right to object to the right of the judge to hear the case because of relationship to the parties, as the constitutional inhibition raises a question of jurisdiction of the person only.

Before GAGE, J., Greenwood, 1901. Affirmed.

*Ex parte* J. G. Hilton and Emma H. Moore, *in re* estate of Sarah C. Hilton. From Circuit order affirming order of probate court, Emma H. Moore appeals.

*Messrs. Graydon & Giles,* for appellant.

*Messrs. Sheppard & Grier,* for J. G. Hilton, contra, cite: *As to commissions:* Rev. Stat., 2071. *As to the question of disqualification of probate judge:* Art. V., sec. 6, Rev. Stat., 2296; 24 Ency., 1 ed., 995, note; 51 S. C., 171; 43 S. C., 57; 2 Hesman on Estop. and Res Judicata, 954; 11 S. C., 319.

May 26, 1902. The opinion of the Court was delivered by

MR. JUSTICE GARY. This was a proceeding for the final settlement of the estate of Sarah C. Hilton, deceased. The appeal raises two questions: *First.* Was the appellant entitled to commissions? *Second.* Did the appellant waive the right to interpose the objection that the probate judge was related to the parties within the prohibited degree? The facts are thus set forth in the decree of the probate judge:

"There was due to the estate one note for $800 by each of the legatees, bearing different rates of interest and for different times. It was agreed by the parties in interest and their attorneys that the interest on these notes should be paid in to settle the debts of the estate. Upon computing the notes the following amounts were found due and payable, to wit:

On Mrs. Emma H. Moore's notes . . . . . . . . . . . . . .$279 77
On Mrs. Lula H. Harvey's notes . . . . . . . . . . . . . . . 168 66
On Mrs. Minnie Griffin's notes . . . . . . . . . . . . . . . . 134 22
On J. C. Hilton's notes . . . . . . . . . . . . . . . . . . . . . . 130 00
                                                         ————————
                                                         $712 65
To which add sale bill . . . . . . . . . . . . . . . . . . . . . . .43 75
                                                         ————————
                                                         $756 40
Less debts of estate . . . . . . . . . . . . . . . . . . . . . . . .150 75
                                                         ————————
                                                         $605 65

Leaving to be distributed among the four distri-
butees as follows, to each...................... 151 41
This would require of Mrs. Moore to pay in......$128 36
This would require of Mrs. Harvey to pay in...... 17 25
J. G. Hilton, interest $130 and sale bill $43.75—
less his share, $151.41...................... 22 34

                                              $167 95
To Mrs. Griffin ............................. 17 19

                                              $150 76

"The matter of commissions to the administrators being
raised by Mr. Graydon, the court ruled that no commissions
were due to either, since no collection of the notes had been
made.    Under the statute, sec. 2069, administrators are not
entitled to commissions on any estate bequeathed to them,
the court considering the said notes equivalent to a bequest
for these reasons, viz: The notes being for equal amounts,
and it being admitted by all of the distributees that Mrs. S.
C. Hilton had thereby undertaken to distribute her estate
during her lifetime, and required only that the interest should
be paid annually to furnish a support for her.    And because
Mr. Hilton had done all the work which had been done and
for which he does not and will not charge commissions.

   "It is, therefore, ordered and decreed, that Mrs. Moore
pay into this Court:
Said amount of interest........................$128 36
And amount due on sale bill...................   3 50

                                              $131 86
That Mrs. Lula H. Harvey pay in amount interest. 17 19
And amount due on sale bill.................   13 50
That J. G. Hilton pay in.....................   22 34

                                              $184 89
To be paid on or before the 10th day of June, 1901.
   "Before the said decree was filed but after the hearing in
the probate court, the attorneys of Mrs. Moore learned that

the probate judge was related to all the parties within the sixth degree by blood and to Mrs. Griffin within the sixth degree by marriage. They thereupon called the attention of the probate judge to such relationship, and objected to his proceeding farther with the case on the ground that the Constitution forbids him to render a decree in such a case. Notwithstanding such objection the probate judge thereafter wrote and filed the above decree."

On hearing the appeal from the decree of the probate judge, his Honor, the Circuit Judge, thus disposes of the appellant's right to commissions: "I am in full accord with the position taken by the judge of probate in this matter in disallowing the commissions claimed by Mrs. Moore, and sustain him therein. It was never intended to burden estates with fictitious charges, and commissions allowed administrators are for services rendered the intestate estate, and where there is no service there can be no commission, and I overrule this ground of appeal. If there was any service, it was rendered by Hilton." Sec. 2071 of the Revised Statutes is as follows: "The commissions given by this chapter shall be divided amongst executors and administrators in proportion to the services by them respectively performed, to be rated and settled by the judge of probate who granted probate of the will or letters of administration, if the executors or administrators cannot agree amongst themselves concerning the same." Both the probate judge and his Honor, the Circuit Judge, find as a fact, in which this Court concurs, that if there was any service it was rendered by the administrator, J. G. Hilton. This unquestionably shows that the appellant was not entitled to any portion of the commissions.

We will next consider whether the appellant waived the right to interpose the objection that the probate judge was related to the parties within the prohibited degrees. Sec. 6, art. V., of the Constitution contains the provision that no judge shall preside at the trial of any cause in the event of which he may be interested, or when either

of the parties shall be connected with him by affinity or consanguinity within such degrees as may be prescribed by law. Sec. 2296, Rev. Stat., which remained of force after the Constitution of 1895, is as follows: "No judge or other judicial officer shall preside on the trial of any cause where he may be connected with either of the parties by consanguinity or affinity within the sixth degree." The distinction between jurisdiction of the person and of the subject matter is clearly pointed out by Mr. Chief Justice McIver, in *Martin* v. *Fowler,* 51 S. C., 164, as follows: "In the former, jurisdiction cannot be waived by any act or admission of the parties, for the very obvious reason that the parties have no power to invest any tribunal with jurisdiction of a subject over which the law has not conferred jurisdiction upon such tribunal. As is well said in Elliott on Appellate Procedure, sec. 498: 'The theory of the law is that where there is an absolute want of jurisdiction, there is no Court, and it is too clear for controversy that a party can neither create a Court nor endow it with authority over a subject not placed within its jurisdiction by law.' Hence the well settled doctrine that consent cannot confer jurisdiction of the subject. But in the latter the rule is very different. The party may by consent confer jurisdiction of the person, or may waive the right to raise the question whether the Court in a given case has obtained jurisdiction of his person in the mode prescribed by law, as is illustrated by the familiar instance of a party, who though not served with the summons appears and answers, and is thereby precluded from afterwards raising the question as to whether the Court had acquired jurisdiction of his person. Here there is obviously no question as to the jurisdiction of the subject, as there can be no doubt that the Court of Common Pleas had jurisdiction of the action to foreclose a mortgage. The only question of jurisdiction is as to the parties, and if, as we have seen, the defendant has by his acts and admissions estopped himself from raising that question, there is an end of the matter." The question

under consideration relates to jurisdiction of the person, and may be waived. In the note on page 995, 24 Enc. of Law (1st ed.), the following language is used: "After a trial has been commenced, no attempt to recuse a judge will be listened to, unless it be shown affirmatively that the party was not aware of the objection, and was in no fault for not knowing it." Again: "If the facts are known to the party recusing, he is bound to make his objection before issue joined and before the trial is commenced, otherwise he will be deemed to have waived the objection in cases where the statute does not make the proceedings void." The case of *State v. Faile*, 43 S. C., 52, shows that a party may waive the right to invoke the protection afforded by a provision of the Constitution. In the case under consideration, the appellant did not raise the objection that the probate judge was related to the parties within the prohibited degrees until the case was heard and the probate judge had announced his judgment orally. After this it was only necessary for the probate judge to formulate his decision in writing. At the time the appellant made the objection she knew the conclusion which the probate judge had reached. Under the circumstances, the appellant waived the objection of which she was aware when the proceedings were commenced.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.