TOWN OF CLINTON v. LEAKE.

1. CITIES AND TOWNS—CLINTON—INTENDANT AND WARDENS.—Under the charter of the town of Clinton, the intendant may call together the wardens of the town to try with him in the first instance, and on his own motion, persons accused of violating the ordinances of the town.

2. IBID.—WARRANTS objected to fully set forth the offenses with which defendants are charged.

3. IBID.—JURY—APPEAL.—Where the record for appeal does not show that defendants demanded of town council trial by jury, and no exceptions to Sessions Court raises that issue, it is error for Judge to reverse judgment of town council on ground that defendants had been practically denied a trial by jury.

4. TOWN COUNCIL—JUDGE—RELATIONSHIP.—Objection that members of town council were related to defendant not considered where record does not show that this objection was made at trial.

Before FRANK B. GARY, special Judge, Laurens, July, 1904.   Reversed.

Indictments by town of Clinton, one case against Ross Leake, and the other against Tom Leake and Wright Simpson. From orders on Circuit reversing judgments of town council, the town appeals.

*Solicitor T. S. Sease* and *Mr. W. R. Richey,* for appellant. *Mr. Richey* cites: *Town council as a body had power to try the defendants:* 20 Stat., 912; Code, 1902, 1964, 1982.·

*Messrs. Simpson & Cooper* and *Babb & Knight,* contra.

March 7, 1905. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The defendant, Ross Leake, was arrested upon affidavit and warrant for that he did wil-·fully abuse and shoot at Curl Wilson with a pistol, on the streets of the town of Clinton, S. C., without provocation, against the peace and dignity of the State and in violation of the ordinances of the town of Clinton, as made and provided in such case, on the 23d day of April, 1904.

The defendant, Tom Leake, was charged that he did wilfully strike and otherwise abuse Curl Wilson, on the streets of the town of Clinton, S. C., without provocation, against the peace and dignity of the State, and in violation of the ordinances of the town of Clinton, S. C., as made and provided in such case, on the 23d day of April, 1904.   . .

And the said Wright Simpson did wilfully cut Curl Wilson with a knife and otherwise abuse him, on the streets of the town of Clinton, S. C., against the peace and dignity of the State, and in violation of the ordinances of the town of Clinton, S. C., as made and provided in such case.

Each of these defendants was arrested on a warrant issued by W. A. Shands, under his hand and seal, as intendant of·the town of Clinton, S. C. On the 29th day of April, 1904, the defendants were tried before the town council of Clinton, the members of the council having been called together for that purpose by the mayor of the town, W. A. Shands, Esq.

The defendant, Ross Leake, was tried first, convicted and sentenced to pay a fine of $30, or be imprisoned thirty days. The defendants, Tom Leake and Wright Simpson, agreed to be tried together, and were so tried and convicted. Said defendant, Tom Leake, was sentenced to pay a fine of $10, or to thirty days imprisonment. Said defendant, Wright Simpson, was fined $25, or to thirty days imprisonment. Said defendants appealed from said sentences to the Court of General Sessions for Laurens County. These appeals were tried at the summer term of the Court of General Sessions for Laurens County by his Honor, Frank B. Gary, special Judge, on the following grounds of appeal by Ross Leake:

"I. Because the said town council was without jurisdiction to hear and try the said case, there having been no previous trial thereof before the mayor of the town of Clinton, and there being no appeal to the said town council from a decision on said case by the mayor of the town of Clinton, and there being no request from the said defendant for a trial of said case by the said town council.

"II. Because the said town council was without jurisdiction to try the said action against the defendant, the mayor, W. A. Shands, being related to the defendant by affinity within the sixth degree, his wife's father being the brother of the defendant's grand-mother; J. I. Copeland, a member of the said town council, being related to the defendant by consanguinity within the sixth degree, his father being the brother of defendant's grand-mother; E. C. Briggs, a member of the said town council, being related to the defendant by affinity within the sixth degree, his wife being the first cousin of the defendant's grand-mother; J. W. Copeland, Jr., a member of the said town council, being related to defendant by consanguinity within the sixth degree, his grandfather being the brother of defendant's grand-mother.

"III. Because the said town council erred in finding the defendant guilty, the proof being that the defendant did not commit the offense charged.

"IV. Because the warrant, or information, on which the defendant was tried, does not sufficiently describe the offense charged."

The defendants, Tom Leake and Wright Simpson, appealed on the following grounds:

"I. Because the said town council was without jurisdiction to hear and try the said case, there having been no previous trial thereof before the mayor of the town of Clinton, and there being no appeal to the said town council from a decision of the mayor of the town of Clinton therein, and the said defendants not having asked to be tried by the said town council of the town of Clinton.

"II. Because the said town council of Clinton was without jurisdiction to try the said defendants, the mayor, W. A. Shands, being related to the defendant, T. J. Leake, by affinity within the sixth degree, the father of the said mayor's wife being the brother of the defendant's grandmother; and because J. I. Copeland, a member of the said town council of the town of Clinton, is related to the defendant, T. J. Leake, within the sixth degree by consanguinity, the father of the said J. I. Copeland being the brother of the said defendant's grand-mother; and because E. C. Briggs, a member of the town council of the town of Clinton, is within the sixth degree of relationship to the defendant, T. J. Leake, by affinity, the wife of the said E. C. Briggs being the first cousin of the said defendant's grand-mother; because J. W. Copeland, Jr., a member of the town council of the town of Clinton, is related to the defendant. T. J. Leake, within the sixth degree of consanguinity, his grandfather being the brother of the defendant's grand-mother.

"III. Because the said town council erred in trying the two defendants together, there being separate warrants, or information, against each, and the offenses charged against them being separate and distinct.

"IV. Because the said town council of the town of Clinton erred in finding defendants guilty, there being proof to

the effect that the defendants did not committed the offenses charged.

"V. Because the warrants, or information, on which the defendants were tried, do not sufficiently describe the offenses charged."

After the hearing, the presiding Judge held that the defendants had been practically denied the right of trial by jury, reversed the judgment of the town council of Clinton, and remanded the cases for new trials according to law. The following grounds of appeal were taken by the town council of Clinton:

"I. Because his Honor erred in holding that the defendant, Ross Leake, named above, had been practically denied the right of a trial by jury by his having been tried by the town council of the town of Clinton, without having been given an opportunity for a jury trial, when (a) there was nothing in the record to show that said defendant had been denied the right of a trial by jury; (b) there was nothing in the record to show that the defendant had demanded a trial by jury; (c) there was nothing in the record to show that the defendant had not been given an opportunity for a jury trial; (d) the record showed that the said defendant consented to be tried by the town council of the town of Clinton; (e) the defendant had not appealed from the judgment and sentence of the town council of the town of Clinton upon the grounds that he had been denied the right of trial by jury.

"II. His Honor erred in reversing the judgment of the town council of the town of Clinton, and in remanding the case to the mayor of the town of Clinton for such trial as is according to law."

The same exceptions were made in the case against Tom Leake and Wright Simpson, except that subdivision (c) of exception 1 in the Ross Leake case was omitted.

But the defendants, now respondents, gave notice of the following grounds to sustain the Circuit judgment:

"I. The said town council of Clinton was without jurisdiction to hear and try the said case, there having been no appeal to the town council from a decision of the mayor, and the said defendants not having asked to be tried by the said town council.

"II. Because the warrants or information on which the defendants were tried do not sufficiently describe the offenses charged."

We will first pass upon the grounds submitted by the defendants to sustain the judgment of the presiding Judge.

I. We cannot sustain this objection of defendant, relating, as it does, to the want of power of the town council of the town of Clinton to try the offenders, the defendants, there having been no previous trial before the mayor, and there having been no appeal to the town council from the decision of the mayor, and the said defendants not having been asked to be tried by the said town council, because section 13 of the act of legislature of this State, approved December 24, 1890, Statutes at Large, vol. 20, page 912, especially empowers the mayor, if he deem it advisable, to call to his aid the wardens of said town in the trial of any offender and the right of appeal to the Court of General Sessions having been reserved. This disposes of the first of said defendants' grounds.

II. The affidavit and warrant in each case are fully set out in the record, and from them it is manifest that the defendants could gain nothing by this allegation of error.

It remains now, therefore, for this Court to pass upon the grounds of appeal set forth by the appellant itself. In this case the presiding Judge appears to have paid no regard to the grounds of appeal as set up by the defendants in their appeal from the judgment of the intendant and wardens of the town of Clinton, but contented himself by holding that each defendant had been practically denied the right to a trial by jury. We must say that the defendants would have had the right to a jury trial if the

same had been demanded by the accused, as is provided in section 2003, vol. 1, Code of Laws of 1902, whose language is as follows:

"Sec. 2003. The intendants or mayors of the cities and towns of this State * * * shall especially have the power and authority to speedily try all offenders against the ordinances of said town in a summary manner and without a jury, unless demanded by the accused. * * * When the accused shall demand a jury, the same shall be drawn in the same manner as is provided for in the courts of magistrates."

As before remarked, the record shows that there was no demand made for a jury, and it also shows that the trial was continued, on the motion of the defendants, for several days, in order to allow them a full preparation for trial. The record shows that they consented to a trial by the town council, and that the two defendants, Tom L. Leake and Wright Simpson, requested that they might be tried together, and such request was granted. The record shows that no objection on account of consanguinity or affinity of the defendants to certain of the intendant and wardens of said town council of the town of Clinton was made; indeed, the only reference to that subject appears in the grounds of appeal taken from the judgment of the intendant and wardens of the town of Clinton. If persons will persist in being their own lawyers, they must take upon themselves the full responsibility of any failure to appeal for protection to any particular law, and certainly must see to it that the record of "case for appeal" shall disclose facts relied upon to sustain grounds of appeal. We are obliged, therefore, to hold that the intendant and wardens of the town of Clinton have sustained their appeal by an allegation of sufficient error to upset the Circuit judgment.

It is the judgment of this Court, that the judgment of the Circuit Court in each of the cases heard together on this appeal, be reversed, and that each case shall be remanded to the Court of General Sessions for Laurens County in order to carry out these views.