## GUESS & GLOVER v. SOUTHERN RY.

1. APPEAL—WAIVER.—Objection that notice to strike out allegations as irrelevant is not sufficiently specific, will not be considered unless made on trial of motion.
2. PLEADINGS—SERVICE OF.—Practice of ordering complaint served after amended, in accordance with order requiring irrelevant matter stricken out, commended.
3. IBID.—SPECIFIC DAMAGES.—An allegation of specific damages caused by failure of carrier to deliver machinery, is irrelevant unless carrier is alleged to have had notice of special facts from which such damages arise.

Before ALDRICH, J., Hampton, October, 1905.    Affirmed.

Action by Guess & Glover against Southern Railway. From order striking out certain allegations of complaint as irrelevant, plaintiffs appeal.

*Messrs. W. S. Tillinghast* and *A. McIver Bostick,* for appellants. *Mr. Bostick* cites: *Notice of motion not in proper form:* Pearce v. Battey, 48 S. C.; 44 S. C., 143. *Distinction between actions on contract and actions arising out of contract:* 25 S. C., 71; 31 S. C., 52; 71 S. C., 82, 811; *Martin* v. *Ry.,* 70 S. C.; 5 Ency. P. & P., 740, 741, 756, 761, 762. *In actions for punitive damages, all surrounding circumstances may be proved:* 57 S. C., 325; 65 S. C., 93, 430, 502; 68 S. C., 98; 71 S. C., 543; 69 S. C., 116.

*Messrs. B. L. Abney* and *Jas. W. Moore,* contra, cite: *Form of notice is correct:* 20 Ency. P. & P., 65; 86 Wis., 352; 96 Ia., 454; 13 Minn., 165. *No special damages without notice:* 9 Ex., 341; 25 S. C., 71; 66 S. C., 61; 71 S. C., 82, 211.

February 19, 1906.    The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendant's attorney made a motion to require the plaintiffs to make their complaint definite and certain, and to strike out certain allegations as irrelevant and redundant, whereupon his Honor, the Circuit Judge, granted the following order:

"A motion having been made in the above stated action for an order requiring plaintiffs in the above stated cause to make their complaint more definite and certain, and to strike out as irrelevant and redundant certain portions of paragraph IV. of said complaint; after hearing argument of counsel, it is ordered:

"That the following portions of paragraph IV. of said complaint be stricken out as irrelevant and redundant, to wit: the words 'in their business,' which follow immediately after the words 'inflicting great loss and injury;' also the words 'and worry and anxiety of mind, in that plaintiffs had gone to great trouble and expense to prepare for the prompt arrival and setting up of said machinery, which was necessary to their business,' following immediately after the words 'in their business;' also the words 'and the same was greatly hampered, curtailed, lost and destroyed by the delay aforesaid in transporting and delivering of said machinery,' following immediately after the words 'which was necessary to their business.' That the plaintiffs do amend their complaint in accordance with this order and serve a copy of the amended complaint upon the attorney of defendant within twenty days from the date of this order, and the defendant have twenty days after the service of said copy of amended complaint in which to plead thereto."

The first and second paragraphs of the complaint are formal; the third alleges that the defendant received for shipment at Charlotte, N. C., certain machinery consisting of a gin, engine, &c., consigned to the plaintiffs at Richardson, a station on the Atlantic Coast Line Railroad, in Hampton County.

The fourth paragraph is as follows: "That the defendant, notwithstanding its said contract, so negligently and carelessly handled said shipment in the matter of its transportation over its said lines to point of delivery to connecting line aforesaid, in utter reckless and wanton disregard of its duty and obligation to plaintiffs, the consignee thereof, as to consume a most unnecessary and unreasonable length of time before delivery to connecting line as aforesaid, thereby, that is to say, by said careless, negligent, unnecessary and wanton delay in transit on the part of defendant, its servants, agents and employees, inflicting upon plaintiffs great loss and injury in their business and worry and anxiety of mind, in that plaintiffs had gone to great trouble and expense to prepare for the prompt arrival and setting up of said machinery which was necessary to their business, and the same was greatly hampered, curtailed, lost and destroyed by the delay aforesaid in transporting and delivering of said machinery, to the damage of plaintiffs in the sum of nineteen hundred dollars."

The plaintiffs appealed from said order on the following exceptions:

"I. That his Honor erred in entertaining the motion to make more definite and certain upon the notice served; whereas, he should have decided that the said notice was insufficient for failure to state specifically wherein the pleading was deficient in definiteness and certainty and the particular statement required, and should therefore have refused the motion as a whole.

"II. That his Honor erred in entertaining at one and the same time and upon one and the same notice, motions to make more definite and certain and at the same time to strike out as irrelevant and redundant; whereas, he should have refused both motions, or at least required the defendant to elect.

"III. That his Honor erred in requiring amended complaint to be served upon order striking out mere incidental

allegations of damage, and not affecting the continuity or legal status of the general *ad damnum* statement.

"IV. That his Honor erred in striking out the whole or any part of the matter required to be stricken from the complaint by said order as irrelevant or redundant; whereas, he should have held and decided, that the words and clauses so stricken, were neither redundant nor irrelevant, but, on the other hand, highly pertinent to the cause of action stated in complaint as a more particular and special statement of the damage suffered and in aggravation thereof.

"V. That his Honor erred in striking out and excluding from the cause of action, as stated in the complaint, the special and incidental matters so stricken therefrom in an action, which included punitive as well as actual damages."

First and second exceptions: It does not appear from the record that the appellant interposed the objections set out in these exceptions when the motion was heard, or that the Circuit Judge ruled upon them. In the absence of such facts they must be regarded as having been waived, and are not properly before this Court for consideration.

Third exception: While it would not have been error for the Circuit Judge to order that the irrelevant and redundant matter should simply be struck out of the complaint, still, it was not error to require that the complaint, as amended, should be served; as such a practice tends to neatness and legibility of pleadings, and is, therefore, to be commended.

Fourth and fifth exceptions: The allegations cannot be regarded as relevant on the ground that they embody the element of special damages, for the reason that they do not contain the further allegation that the defendant had notice of such facts. In *Traywick* v. *Ry.*, 71 S. C., 82, the Court says: "The last question is whether there was error in refusing to strike out the words 'and caused a number of persons who had engaged the plaintiff

to hull their rice to take it elsewhere.' * * * The object in alleging that fact was to enable the plaintiff to prove special damages. The plaintiff failed to allege notice of this fact on the part of the defendant. Therefore, the allegation should have been struck out, as the plaintiff could derive no benefit from it, without the further allegation of notice on the part of the defendant."

Nor can the allegations be construed as relevant on the ground that they contain probative matter. In Pom. Rem., section 517, it is said: "The fundamental and most important principle of the reformed pleading, the one from which all the others are reduced as necessary corollaries, is the following: the material facts, which constitute the ground of relief * * * should be averred as they actually existed or took place, and not the legal effect or aspect of those facts, *and not the mere evidence of probative matter, by which their existence is established"* (italics ours). Section 526 of the same publication shows that "those important and substantial facts should be alleged, which either immediately form the basis of the primary right and duty, or which directly make up the wrongful acts or omissions of the defendant, *and not the details of the probative matter or particulars of evidence, by which these material elements are to be established"* (italics ours).

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.