7057

### KOLB v. SOUTHERN RY.

CARRIER—FREIGHT—SPECIAL DAMAGES.—The general rule is that special damages for losses arising from failure to deliver goods within a reasonable time cannot be recovered except upon allegation and proof that defendant had notice of the special circumstances at the time of the shipment, but in this case the notice given the terminal carrier before it received the goods from its connecting carrier was not sufficiently definite to inform the carrier of plaintiff's business and the special need of the machinery, and hence the Court is not called upon to consider if this is an exception to the general rule.

Before KLUGH, J., Sumter, April, 1907. Affirmed.

Action by H. Spurgeon Kolb against Southern Railway. From judgment in favor of plaintiff, he appeals.

*Mr. A. B. Stuckey,* for appellant, cites: *Notice at the terminal point is sufficient, and plaintiff is entitled to damages for negligence after notice:* 76 S. C., 342.

*Mr. E. M. Thompson,* contra, cites: *Liability of carrier for delay is that naturally arising from breach of contract:* 71 S. C., 82, 211; 73 S. C., 264; 74 S. C., 286; 75 S. C., 58, 351; 77 S. C., 182. *As to special damages:* 3 Hutch. Car., sec. 1367-8; 76 S. C., 338; 79 S. C., 155; 6 Cyc., 450.

November 16, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. On August 25, 1905, the Continental Gin Company of Prattsville, Alabama, delivered to

the Louisville and Nashville Railroad Company two gins, with condensers, pulleys and attachments, consigned to plaintiff at Toumeys, S. C. The shipment was transferred to the defendant company at Atlanta, Ga.. on September 7, 1905, and arrived at Sumter, S. C., on September 19, 1905, with certain parts of the machinery broken.

This action was brought to recover ten dollars damages for injury to the machinery, and two hundred dollars as special damages, arising from the fact that the plaintiff conducted a public ginnery, and by reason of the unreasonable and negligent delay in transportation plaintiff was damaged in the loss of customers and profits during such busiest portion of the ginning season. Plaintiff also claims $100 as special damages in loss of customers and profits, arising from a week's further delay in replacing the broken parts of the machinery necessary to its operation.

There was no testimony that any notice was given to the Louisville and Nashville Railroad Company at the time of the original shipment, nor to defendant's agent at Atlanta, when defendant received said shipment, of the circumstances which gave rise to the special damages claimed. There was testimony that about August 31, 1905, the plaintiff inquired of defendant's agent at Toumeys and at Sumter about the gins, telling them that he needed them very bad, and that the agents said they would see about the matter; that such inquiry was made on several occasions thereafter, and that agents informed him that they knew nothing of the shipment, but would attend to it.

Judge Klugh excluded evidence of the special damages, and charged the jury that in order to recover damages for loss of patronage, as a public ginner, plaintiff must allege and prove that when the gins were shipped, or received for shipment, the carrier had notice that the gins would be used for purposes of running a public ginnery, and that delay would cause plaintiff a special loss, and that there was no such allegation in the complaint.

The jury rendered a verdict for $10 damages, and plaintiff appeals on exceptions to the said rulings of the Court as to special damages.

The exceptions cannot be sustained. The general rule is that special damages for losses arising from failure to deliver goods within a reasonable time cannot be recovered except upon allegations and proof that defendant had notice of the special circumstances at the time of the shipment. *Traywick* v. *Ry.*, 71 S. C., 82, 49 S. E., 4; *Wesner* v. *Ry. Co.*, 71 S. C., 211, 50 S. E., 789; *Guess* v. *Ry. Co.*, 73 S. C., 264, 53 S. E., 421; *Milhous* v. *Ry. Co.*, 75 S. C., 351, 55 S. E., 764; *McKerrall* v. *Ry. Co.*, 76 S. C., 338, 56 S. E., 965; *Strange* v. *Ry. Co.*, 77 S. C., 185, 57 S. E., 724; *Matheson* v. *Ry. Co.*, 79 S. C., 157. The same general principle is applied in telegraph cases. *Mood* v. *Tel. Co.*, 40 S. C., 528, 19 S. E., 67; *Rogers* v. *Tel. Co.*, 72 S. C., 293, 51 S. E., 773; *Smith* v. *Tel. Co.*, 72 S. C., 116, 51 S. E., 537; *Poteet* v. *Tel. Co.*, 74 S. C., 496, 55 S. E., 113.

In the case of *Strange* v. *Ry.*, *supra*, the Court expressly ruled that it was error to receive testimony as to notice of plaintiff's business as a traveling salesman after the loss of his sample trunks. In this case the complaint did not allege that the carrier had notice of the special circumstances at the time of receiving the shipment; on the contrary, it is alleged that defendant received the shipment on the 28th day of August, 1905, and notice of the special circumstances was given to defendant's agent at Toumeys on 31st August, 1905. If we consider the testimony, there was evidence that inquiry as to the machinery was made and notice given that it was badly needed, at Toumeys and Sumter, *before* the receipt of the shipment by the defendant company, on 7th September, 1905; but, even if such notice was in proper time, the nature of it was not sufficiently definite to inform defendant of plaintiff's business and the special need of the machinery. In this situation, it is unnecessary to discuss whether there may be exceptions to the general rule, that

notice of special circumstances must be given at the time of
the shipment.    It is true, in *McKerrall* v. *Ry., supra,* the
Court, while recognizing the general rule quoted with ap-
parent approval from 6 Cyc., 450, that "subsequent notice,
however, of the effect of the further delay, after the goods
should have been delivered, may render the carrier liable for
damages accruing after that time by reason of negligence in
not tracing and finding the goods;" and in *Matheson* v. *Ry.,
supra,* reference was made to the same quotation, but it
cannot be concluded that such modification of the general
rule must be accepted as the settled law of this State, as in
neither of the cases cited was it necessary to the decision of
the case.    But if such may be the law, the present case does
not fall within the modification.    Whether justice may not,
in some circumstances, require a modification of the general
rule need not now be declared.    See *Bourland* v. *Ry. Co.*
(Texas), 3 L. R. A., new series, 1111, and case note.

The judgment of the Circuit Court is affirmed.