7911

## MARTIN v. SOUTHERN RY.

1. SPECIAL DAMAGES—CARRIER.—A PASSENGER cannot recover for failure of carrier to stop its train at his destination so that he could attend to business there without allegation and proof of notice to the carrier.

2. ACTUAL DAMAGES alleged and shown to be the result of a wilful tort may be recovered by a passenger on a complaint based on a wilful breach of duty.

3. EVIDENCE—CARRIER—DAMAGES.—In a cause of action based on failure of the carrier to stop its train and not upon abusive language, it was not error to exclude from the consideration of the jury the language of the ticket collector as an independent act of damage.

Before WILSON, J., Greenville, March term, 1910. Affirmed.

Action by Ben P. Martin against Southern Railway Company. Plaintiff appeals.

*Mr. Adam C. Welborn,* for appellant, cites: *Whether certain acts constitute negligence is for the jury:* 76 S. C. 49; 61 S. C. 345; 54 S. C. 499; 68 S. C. 153; 71 S. C. 156; 79 S. C. 120. *Appellant should have been allowed to show abusive language:* 78 S. C. 327.

*Messrs. Cothran, Dean & Cothran,* contra, cite: *Carrier is not liable for special damages of which it had no notice:* 81 S. C. 536; 83 S. C. 411; 64 S. C. 316; 70 S. C. 8. *Language of conductor is not actionable unless abusive:* 62 S. C. 1.

May 11, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The plaintiff sought to recover of defendant actual and punitive damages for alleged grossly negligent and wilful failure to stop its train at plaintiff's destination, he having boarded defendant's train at Easley, S. C., on December 10, 1908, as a passenger for Crosswell, S. C. Verdict and judgment were for the defendant.

Appellant's first exception alleges error in the ruling that plaintiff could not prove what his business at Crosswell was and what was his loss in his business on account of the fail-

ure to stop the train at his station. The Court at first ruled that the testimony was incompetent because there was no allegation in the complaint that defendant had notice of the business engagement. This was a mistake, as the complaint alleges: "The plaintiff gave the ticket collector, the agent of defendant, fifty cents and told the said agent to stop the train at Crosswell and let plaintiff off so that plaintiff could attend to plaintiff's business there." This was sufficient to permit testimony as to notice of special loss arising from failure to meet the business engagement. But later the plaintiff renewed his effort to introduce testimony as to the loss from failure to meet the business engagement, and the Court excluded the testimony on the ground that there had been no notice to the defendant and unless defendant had notice, proof as to such loss was inadmissible. The last ruling was upon the proper ground. We find nothing in the testimony to support the allegation that defendant had notice of the special engagement, and no assurance was given the trial Court that proof of such notice would be made. Plaintiff testified that when he paid the fare to the ticket collector he, plaintiff, said, "I want to go to Crosswell," but that he said nothing more then. No further testimony on this point was given. The general rule is that special damages cannot be recovered except upon allegation and proof that defendant had notice of the special circumstances at the time of the contract. *Kolb* v. *Southern Railway,* 81 S. C. 536, 62 S. E. 872; *Berley* v. *Seaboard A. L. Ry.,* 83 S. C. 411, 65 S. E. 456.

The second exception alleges that the Court committed error in charging practically that plaintiff was not entitled to recover actual damages. This is a misconception of the charge, as it clearly appears therein that it was left to the jury to determine what damages, if any, whether compensatory or punitive, should be given to the plaintiff. The Court read the complaint to the jury and confined them to its allegations. The Court correctly con-

strued the complaint as based upon alleged wilfulness and wantonness, the allegation being "that the conduct of the defendant through its agent as set forth in paragraph 2 of this complaint was wilful, grossly negligent and in total disregard of plaintiff's rights."

The fact that a complaint is based upon a wilful breach of duty does not prevent recovery for the actual damages alleged and shown as a result of the wilful tort. The cause of action is not to be tested by the *kind of damages* sought, which appertain rather to the remedy, but by the *nature of the delict* alleged. If the breach of duty is merely negligent, only compensatory damages may be recovered, but if the breach of duty is wilful, recovery may be had for both compensatory and punitive damages upon proof of the wilful tort. *Wilson Co.* v. *Alderman Co.,* 75 S. C. 301, 55 S. E. 447.

The third and fourth exceptions allege that the Court charged the jury with respect to matters of fact; but a fair reading of the charge shows no foundation for the exceptions.

The complaint being based upon the failure of defendant to stop its train at plaintiff's destination, and not upon any abusive and humiliating language of the ticket collector or conductor, as the cause of action, it was not a charge upon the facts, or error, to exclude from the consideration of the jury the language of the ticket collector or conductor as an independent act of damage. Plaintiff had full latitude to show that the failure to stop at the station was wilful, and nothing was withdrawn from the jury on that issue.

The exceptions are overruled, and the judgment of the Circuit Court affirmed.