7960

JEFFERS v. JEFFERS.

1. JURISDICTION.—WHETHER A PROBATE JUDGE IS RELATED to one of the parties to a case before him within the prohibited decree is not a jurisdictional question and a party cannot make it in this Court on motion to sustain a Circuit decree on additional grounds.

2. JUDGES—RELATIONSHIP.—A motion in the Circuit Court to remand a case appealed to that Court from the probate court and to grant a new trial on ground that the probate judge was related to one of the parties within the prohibited degree may be refused where the movant fails to show by his affidavits that he used due diligence in trying to ascertain the fact of relationship before and during the trial and that the judge was aware of such relationship before filing his decree.

MR. JUSTICE WOODS *thinks whenever the fact appears to an appellate court that a case has been tried in the court below by a judge so related the court should grant a new trial.*

Before MEMMINGER, J., Berkeley, March, 1911. Affirmed.

Proceeding in probate court in Berkeley county by Wm. A. Jeffers, executor of the will of William Jeffers, against Mary E. Jeffers, to have the will of William Jeffers probated in due form. From Circuit order refusing motion for new trial petitioner appeals.

*Messrs. Mitchell & Smith, John A. Hiers, E. J. Dennis* and *Octavus Cohen,* for appellant.

*Messrs. Mitchell & Smith* cite: *Relationship to party disqualifies Judge:* Con., art. V, sec. 6; Code 1902, 2820, 2468; 57 S. C. 143; 61 S. C. 29. *As to waiver and due diligence:* 64 S. C. 201.

*Messrs. Legare & Holman, Mordecai & Gadsden, Rutledge & Hagood,* contra. *Mr. Holman,* oral argument.

July 8, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order of the Circuit Court, refusing a motion for a new trial in the probate court, on the ground that the probate judge, at the time of filing the decree herein rendered by him, was related to one of the parties to the action, within the sixth degree.

The proceedings were instituted in the probate court, on the 8th of February, 1909, at which time an order was made, requiring William A. Jeffers, executor of the will of William Jeffers, deceased, to take such steps as were necessary, to have said will probated in solemn form of law.

On the 3d of August, 1910, the probate judge, before whom the case was tried, filed a decree in which he ruled, that the will propounded for probate, was not the last will and testament of William Jeffers, deceased.

The executor appealed from said decree, and, while the appeal was pending, made the motion for a new trial, hereinbefore mentioned, in the Circuit Court, which was refused.

The motion for a new trial, was based upon the following facts, alleged in the affidavit made by the executor:

"That he was not informed before, or at the time the above entitled cause, was tried before the probate judge, nor did he have any notice whatsoever, nor could he have discovered prior to said trial, by the exercise of any reasonable diligence, that the probate judge, who tried the cause, was related within the sixth degree, or was second cousin to one of the parties to the cause, to wit: Mrs. Mary E. Singletary, formerly Mrs. Mary E. Jeffers, the widow of the testator, the late William Jeffers. That it is only since the trial, and the decision of the probate court in this case, that this matter, accidentally, came to the knowledge of this proponent and his attorneys, who have only now been able, to verify and obtain satisfactory proof of the facts above set forth, and the motion for a new trial could not have been made sooner."

The reasons assigned by his Honor, the Circuit Judge, for refusing said motion, are thus stated in the following order made by him, on the 8th of March, 1911:

"This cause having come on, on a motion to remit the case to the probate court for a new trial, on the ground that the probate judge, who heard the cause, was within the prohibited degree of relationship:

"Now, on hearing the motion and affidavits on both sides, and counsel on both sides being heard, it is:

"Ordered, that, although it appears from the weight of the testimony, that the probate judge of Berkeley county, who heard the case below, was related to Mary E. Jeffers, one of the defendants herein, within the sixth degree,—yet it does not sufficiently appear that the petitioner could not, by due diligence, have ascertained that fact before or during

the trial, or before the decision in the probate court; and, therefore, in the opinion of the Court, the motion for a new trial should be, and is hereby, refused." ·

When this case was called for hearing, in the Supreme Court, the respondents' attorneys raised the following preliminary question of jurisdiction, upon which they gave notice they would rely, as an additional reason, for sustaining the judgment of the Circuit Court:

"That the Court of Common Pleas has no jurisdiction, to entertain a motion for a new trial in the probate court, on notice and affidavit, but that such motion should have been made before the judge of probate, in the Court of original jurisdiction."

In the first place, we do not regard the question as jurisdictional in its nature. The case of *Jenkins* v. *Ry.,* 84 S. C. 343, 66 S. E. 409, shows conclusively, that the Court of Common Pleas has jurisdiction of the subject matter of the action, and, that even if that Court, did not have jurisdiction of the person in the first instance, it acquired such jurisdiction, when the party now interposing the objection, contested the case upon the merits. See also *Ex parte Hilton,* 64 S. C. 201, 41 S. E. 978.

We proceed to the consideration of the question, whether there was error on the part of his Honor, the Circuit Judge, in ruling, that the motion for a new trial could not be sustained, as it did not sufficiently appear that the petitioner, could not by due diligence, have ascertained the relationship, before the rendition of the decision in the probate court.

At common law, a Judge was not disqualified from presiding, by reason of his relationship to a party to the action, but had the privilege of declining to sit in such cases. It is now, however, generally provided by constitutional or statutory law, that relationship by affinity or consanguinity, between him and a party litigant within certain degrees, will disqualify him. 23 Cyc. 583.

"In the absence of statute changing the common law, a judgment rendered by a disqualified Judge, was held to be merely voidable and not void. The Judge's action was regarded as an error or irregularity and, as such, a ground to set aside the judgment on error or appeal, except in inferior courts or proceedings, where no writ of error or appeal would lie.

"In proceedings under the common law, objection to a disqualified Judge might be waived by a party, so as to preclude him, from afterwards taking advantage of it." 17 Enc. of Law 742. See also note to the case of *Carr* v. *Duhme,* 10 Am. & Eng. Ann. Cases 967.

Section 6, article V of the Constitution provides, that "no Judge shall preside, at the trial of any cause, in the event of which he may be interested, or when either of the parties shall be connected with him, by affinity or consanguinity, within such degrees as may be prescribed by law."

Section 2320 of the Code of Laws, is as follows: "No Judge or other judicial officer, shall preside on the trial of any cause, where he may be connected with either of the parties by consanguinity or affinity, within the sixth degree."

A judgment rendered by a disqualified Judge in this State, is merely voidable. *Ex parte Hilton,* 64 S. C. 201, 41 S. E. 978.

In the note on page 995, 24 Enc. of Law (1st ed.), the principle is thus stated: "After a trial has been commenced, no attempt to recuse a Judge will be listened to, unless it be shown, affirmatively, that the party was not aware of the objection, *and was in no fault, for not knowing it.*" (Italics ours.)

This language is quoted with approval in *Ex parte Hilton,* 64 S. C. 201, 41 S. E. 978.

In the case of *Town of Clinton* v. *Leake,* 71 S. C. 22, 50 S. E. 541, it was held, that the objection that members of the town council, were related to the defendant, would not

be considered, where the record failed to show, that such objection was urged at the trial.

In the note to *Johnson* v. *State,* 15 Am. & Eng. Ann. Cases (Ark.) 531, appears the following quotation from *Roberts* v. *Roberts,* 115 Ga. 259: "The reasons at the foundation of the rule, which forbid a juror from sitting in a case, where he is related to some one pecuniarily interested, in the result of the suit, would also apply in the case of a Judge, who was in a similar situation."

Turning to the case of *State* v. *Robertson,* 54 S. C. 147, 31 S. E. 868, we find that the rule is thus stated, in regard to the disqualification of a juror:

"While it is true, that in the cases of *Kennedy* v. *Williams,* and *Garrett* v. *Weinberg, supra,* some stress is laid, and in a proper case properly laid, on the fact that the disqualification of the juror, was not known to the party or his counsel, until after the trial, yet we think this should be qualified by the proviso, that such ignorance is not due to the want of diligence; for where the disqualification relied on, might have been discovered by the exercise of ordinary diligence, it affords no excuse for failing to make the objection in due season; for, as was said in *State* v. *Fisher, supra,* a party 'should not be permitted to take advantage of his own negligence.'"

This language is quoted with approval in *State* v. *Rafe,* 56 S. C. 379, 34 S. E. 660, in which the Court also says: "It was necessary for the appellant to show, not only that he did not know of the juror's disqualification, until after the trial, *but that by the use of due diligence, he could not have discovered the same.*" (Italics ours.)

If the appellant in addition to showing the disqualification of the probate judge, and that he (the appellant) did not have knowledge of such fact, before the decree was rendered, had also shown, that the probate judge knew at that time of his relationship to one of the parties to the

action, then it might with good reason be contended, that there should be a new trial.

But no such fact appears in the record, and the presumption is, that the probate judge was not aware of the relationship, as otherwise he would have been guilty of a wilful violation of the law, which is never presumed. In the absence of testimony, showing that the probate judge had knowledge of said relationship, it has not been made to appear, that there was prejudicial error, in refusing the motion for a new trial.

Appeal dismissed.

MR. JUSTICE WOODS. *I dissent* because I am unable to accept the doctrine that the provision of the Constitution prohibiting a Judge related within the sixth degree to either party from hearing a cause is waived by the failure to inquire into the relationship before trial.

All the requirements of the Constitution of this State are mandatory, and it is therein provided by article V, section 6, that "No Judge shall preside at the trial of any cause in the event of which he may be interested, or when either of the parties shall be connected with him by affinity or consanguinity, within such degrees as may be prescribed by law."

The statute law has fixed the sixth degree of relationship, and the probate judge in this case was a second cousin. In some of the States the Courts have held that such a mandatory provision cannot be waived. *Oakley* v. *Aspinwall,* 3 N. Y. 547; *Gulf etc. Ry. Co.* v. *Looney* (Tex.), 95 S. W. 691. Other Courts, including the Supreme Court of this State, have held that a party will be held to have waived the objection if he knew of the relationship before the trial. *Ex parte Hilton,* 64 S. C. 201. Other authorities on the subject are collated in 23 Cyc. 596, and the note to *Moses* v. *Julian,* 84 Am. Dec. 130. In several of the States the

decisions will be found to depend on the special terms of the Constitution or statute law.

It concerns not only the parties to the suit, but all the people, that there should be confidence in the impartiality of Judges. The prohibition of the Constitution is directed to the Judges themselves, forbidding them to preside at a trial when related to a party within the degree fixed by law. The law is intended not only to give security to the parties and to promote confidence in the Courts, but to safeguard judicial officers against criticism. There may be, it is true, special circumstances requiring a party to make inquiry as to the relationship or interests of the Judge. But the Judge himself may well be presumed to know his own relationship within the sixth degree, and as a general rule the parties may well rely on this presumption, and on the further presumption that the Judge will be mindful of the law on the subject and will obey it.

It would be unseemly that parties should have placed upon them the burden of inquiring at their peril into disqualifying interests and relationships of judicial officers. Jurors and Judges in this respect stand on a very different footing. Jurors are drawn from the body of the people for a temporary public service; judicial officers are set apart because of their supposed special fitness for continuous public service. The presumption that Judges know the law bearing upon their own qualifications and official duties is very strong; such presumption as to jurors is comparatively weak. Hence the law allows to parties the opportunity to examine jurors upon their *voir dire,* and places upon parties the burden of making reasonable efforts before trial to ascertain and make known facts tending to disqualify them. In view of this distinction it seems clear that the case of *State* v. *Robertson,* 54 S. C. 147, 31 S. E. 868, and other similar cases relating to jurors, do not control this case. The facts in the case of *Clinton* v. *Leake,* 71 S. C. 22, 50 S. E. 541, cited in the opinion of Mr. Justice Gary, were

so different that it seems to me that case is obviously inapplicable.

The point was made in this Court, for the first time, that the Circuit Court had no jurisdiction to hear the motion to remand the case to the court of probate for a new trial by a duly qualified judge of that court. I am unable to find any mode of procedure in such case laid down by statute, or by rule of Court, or by judicial decision in this State, but it seems to me evident that when any appellate court finds on its docket a case in which the fact is made clearly to appear that the judgment appealed from was not rendered by a Court constituted according to the Constitution and laws of the State, and the parties have not waived their right to such a tribunal, it should refuse to hear the appeal and remand the case to be tried by a properly constituted Court.

For these reasons I think the judgment of the Circuit Court should be reversed.

MR. JUSTICE HYDRICK *did not sit in this case.*