## STATE v. HAMILTON.

Where the proof does not sustain a material allegation of the indictment under which the defendant has been found guilty, an order for new trial is the proper remedy. Such a variance furnishes no ground for arresting the judgment.

Before ALDRICH, J., Abbeville, January, 1882.

Indictment against Sam Hamilton, for stealing cotton from the field. There were no requests to charge, and no exceptions to the charge as made, and no motion for new trial. Other matters are stated in the opinion.

Mr. *M. L. Bonham, Jr.*, for appellant.

Mr. *Solicitor Orr*, contra.

July 15, 1882. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.—At the January term, 1882, of the Court of General Sessions for Abbeville County, the defendant appellant was indicted, tried, and convicted of lar-

ceny in stealing seventy-five pounds of seed cotton, alleged in the indictment to be the proper goods and chattels of one Prue P. Benson. Upon conviction, the appellant moved in arrest of judgment, upon the ground that the property laid in the indictment to be the property of P. P. Benson, was, in fact, the property of another party, to wit, that of Louisa Miller, as shown by the testimony in the case, and therefore that the indictment is fatally defective.

The defendant has appealed upon two grounds as follows:

1st. Because, the indictment laid the possession of the property alleged to have been stolen in P. P. Benson, and the proof adduced by the State itself shows it was the property of Louisa Miller.

2d. Because his Honor, it is respectfully submitted, erred in holding that the question of possession was for the jury.

Arrest of judgment is the proper remedy, where there is some defect in the indictment, and on its face " as for the want of sufficient certainty, in setting forth either the person, the place or the offence." 4 *Black. Com.* 376. It is never applicable to raise the question of sufficiency of evidence to sustain the allegations in the indictment. It affords no relief whatever, where there is simply a conflict between the *allegata* and *probata*. In such cases the proper proceeding is a motion for a new trial, and not in arrest of judgment. This can be invoked only in cases of the character first above mentioned.

In this case the indictment alleged the property in question as the proper goods and chattels of P. P. Benson, and the trial proceeded upon that issue. Whether this allegation was true or not, was a question of fact. It was material to the conviction of the defendant upon the indictment undergoing trial, but it was no defect in the indictment itself. It was a distinct charge which the State intended to make as a question of fact, and its truth was entirely for the jury, dependent upon the testimony to be introduced. The judge properly submitted it to the jury as a question of fact, and they have solved it against the appellant. In this the jury may have been in error, but this court would have no jurisdiction to correct that error, even if it was apparent. In cases at law both civil and crimi-

nal we sit for the correction of errors of law, not of facts; the constitution has wisely left the solution of facts to juries.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.