STATE v. RAFE.

1. GRAND JURORS.—THE ACT OF 1899, 23 STAT., 39, as to when objections to jurors should be raised, does not apply to grand jurors.
2. IBID.—NEW TRIAL.—A new trial will not be granted on motion, after verdict, because a member of the grand jury finding the bill was not a registered elector, because he could have ascertained that fact before trial.
3. IBID.—IBID.—Before new trial will be granted on ground of disqualification of grand juror, appellant must show that he has been prejudiced by that fact.

Before GARY, J., Spartanburg, May, 1899.    Affirmed.

Indictment for murder against Will Rafe. From sentence on verdict of guilty, defendant appeals.

*Mr. C. P. Sims,* for appellant.

*Solicitor Sease,* contra.

January 2, 1900.    The opinion of the Court was delivered by

MR. JUSTICE GARY. The following are all the facts stated in the record: "This case was tried at the May term of the Court of General Sessions for Spartanburg County, before Judge Gary and a jury. The defendant was convicted of murder, and sentenced to be hanged the third Friday in June, 1899. After his conviction and before sentence, a motion was made in arrest of judgment on the following ground, to wit: Because the indictment upon which the defendant was tried and convicted was an illegal indictment, for the reason that the grand jury which passed upon it and found a true bill against defendant was an illegal grand jury, because one of its members, to wit: E. C. Jameson, was not a qualified elector, as required by the Constitution of this State. The motion was overruled by the presiding Judge, and the defendant sentenced. From such judgment and rulings of the Circuit Court defendant gave

due notice of appeal, and does now appeal to the Supreme Court, and will ask a reversal thereof on the ground that the Circuit Judge erred in refusing defendant's motion in arrest of judgment. It is admitted as a fact in this case that E. C. Jameson was a member of the grand jury which passed upon the indictment herein, and that he was not at that time a qualified registered elector, as required by the Constitution of 1895; and that defendant's motion in arrest of judgment was made as soon as this fact was ascertained by him." This case was submitted without argument or authorities on either side.

The act of 1899, 23 Stat., 39, provides as follows: "That all objections to jurors called to try prosecutions, or actions, or issues, or questions arising out of actions or special proceedings, in the various Courts of this State, if not made before the juror is empanelled for or charged with the trial of such prosecution, or action, or issue, or question arising out of actions or special proceedings, shall be deemed waived; and if made thereafter, shall be of none effect." As grand jurors are not "empanelled for or charged with the *trial* of such prosecution," the foregoing act has no application, and the appeal will be considered without reference to it.

Section 2406 of the Revised Statutes is as follows: "If a party knows of any objection to a juror in season to propose it before the trial, and omits to do so, he shall not afterwards be allowed to make the same objection unless by leave of the Court." This section has undergone judicial construction, and in the very recent case of *Mew* v. *Ry. Co.,* 55 S. C., 90, the question raised by the exception in this case is conclusively disposed of. In that case Mr. Justice, Jones, speaking for the Court, in an able and clear opinion, says: "Previous to the Constitution, of 1895, the rule had long prevailed in this State, that what was cause for challenge to a juror could not after verdict be made a ground for new trial. *State* v. *Quarrel,* 2 Bay, 510; *State* v. *O'Driscoll,* 2 Bay, 153; *State* v. *Fisher,* 2 N. &

McC., 261; *State* v. *Billis,* 2 McC., 12; *Josey* v. *R. R. Co.,*
12 Rich., 134." In the case of *Garrett* v. *Weinberg,* 54 S.
C., 127, this Court held, under the Constitution of 1895,
"that a new trial should be granted, if a juror, disqualified
by conviction for hog stealing, sat on the case, if neither
the party nor his counsel knew of the disqualification until
after verdict." This case was grounded on the finding of
fact by the Circuit Judge, "that none of the parties to this
action, or their respective counsel, had knowledge of the
conviction of Ardis during the trial of the case." Such fact
this Court was bound to act upon, and could not impute to
any one knowledge, actual or constructive, in conflict there-
with. But in the later case of *State* v. *Robertson,* 54 S. C.,
147, the rule stated in *Garrett* v. *Weinberg, supra,* was qual-
ified in this language by the Chief Justice, who also wrote
the opinion in *Garrett* v. *Weinberg:* "For while it is true
that in the cases of *Kennedy* v. *Williams,* 2 N. & McC., 79,
and *Garrett* v. *Weinberg, supra,* some stress is laid, and in a
proper case properly laid, on the fact that the disqualifica-
tion of the juror was not known to the party or his counsel
until after the trial, yet we think this should be qualified by
the proviso that such ignorance is not due to the want of
diligence; for where the disqualification relied on might
have ben discovered by the exercise of ordinary diligence,
it affords no excuse for failing to make the objection in due
season; for, as was said in *State* v. *Fisher, supra,* a party
'should not be permitted to take advantage of his own negli-
gence.' In this case, as we have seen, the appellant failed
to make use of the means afforded by the law to enable him·
to ascertain the qualifications of each juror presented, and
he must take the consequences of his own default. In this
case the books of registration, which are public records in
Charleston County, would have disclosed the juror's dis-
qualification, and defendant's negligence in not consulting
the same should prevent us from suspending this appeal
now, for the purpose named." See also *State* v. *Motley et
al.,* 7 Rich., 327. It was necessary for the appellant to

show not only that he did not know of the juror's disqualification until after the trial, but that by the use of due diligence he could not have discovered the same.    This he has failed to do.

But even if he had shown these facts, it would be necessary for him to present such a state of facts as would lead the Court to believe that he has been prejudiced by the fact that the juror was disqualified.   For instance, if it appeared in the record that every juror on the panel was disqualified, or that the true bill was found by a grand jury composed of only twelve men, one of whom was disqualified, the Court would necessarily conclude that the bill was not found by a legal grand jury.   There are no facts set out in the record showing that the appellant was prejudiced by the disqualification of the juror, and the appeal must be dismissed.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, and the case remanded to that Court for the purpose of enabling it to assign a new day for carrying into execution the sentence of the Court.