STATE OF NORTH CAROLINA v. JERRY ELLIS, CHARLES ESTES, CLARENCE LAWSON, JR. AND CHARLES NOWELL

No. 7611SC586

(Filed 19 January 1977)

1. **Indictment and Warrant § 7— signature of grand jury foreman — failure to attest concurrence of twelve grand jurors — motion to dismiss not made in apt time**

    A motion alleging that the signature of the grand jury foreman attesting that the bill of indictment was "A true bill" failed to comply with the requirement of G.S. 15A-644(a)(5) that the foreman sign the indictment attesting the concurrence of twelve or more grand jurors in the finding of a true bill, although denominated a "motion in arrest of judgment," was actually a motion to dismiss under G.S. 15A-955; therefore, the trial court properly denied the motion where it was not made at or before arraignment as required by G.S. 15A-952(b)(4) and (c).

2. **Larceny § 7— larceny of vending machine — sufficiency of evidence**

    The State's evidence was sufficient for the jury in a prosecution of four defendants for larceny of a vending machine where it tended to show that a blue and white Pepsi-Cola box was stolen from in front of a service station, a pickup truck was seen in front of the station with a long box in the truck bed, a deputy sheriff found a set of mudgrip tire tracks leading from the crime scene, a pickup truck with mudgrip tires was found stopped beside the road a few miles from the station, the stolen drink box was lying about 6 to 8 feet from

State v. Ellis

the truck, the drink box was beaten beyond repair, defendants were sitting in the truck, paint samples found in the truck bed and on a hammer in the truck bed matched paint on the drink box, and it was probable that the hammer found in the truck bed made the marks on the drink box.

APPEAL by defendants from *Clark, Judge.* Judgments entered 28 January 1976 in Superior Court, LEE County. Heard in the Court of Appeals 7 December 1976.

In separate indictments each of the four defendants was charged with larceny of a vending machine (drink box) with a value of $1,600.00. All defendants pled not guilty.

The State's evidence tended to show that Robert Cotten operated a service station in rural Lee County; that when he left the station about 7:00 p.m. on 25 September 1975, there were two drink boxes in front of it, one being a blue and white Pepsi-Cola box worth $450-500. William Dancey, who traded at the station and knew operator Cotten, drove past the station about 11:00 p.m. and saw that one of the drink boxes was gone; that there was a pickup truck there with a long box in the truck bed and two men nearby. He turned around and followed the pickup away from the station for about a mile toward Colon Road but could not overtake it. He notified Cotten, who reported the theft to the Sheriff. Deputy Sheriff Bell found a single set of mudgrip tire tracks at the scene leading toward Colon Road. He drove down Colon Road and found a pickup truck with mudgrip tires stopped beside the road a few miles from the station. He also found a blue and white Pepsi-Cola drink box lying about 6 to 8 feet from the truck. The box was beaten beyond repair. The four defendants were sitting in the pickup. It was raining and their feet were muddy. There were footprints around the pickup and the Pepsi-Cola box. Cotten identified the drink box as his. Blue, red and white paint and a hammer with traces of blue paint on its head were found in the truck bed. An S.B.I. chemist found the paint samples to be consistent with the paint on the drink box. An S.B.I. agent who was qualified to identify toolmarks testified that it was highly improbable that a tool other than the hammer found made the marks on the drink box.

Defendant Estes, truck owner, testified that defendants were riding around together and drinking, saw something beside the road and stopped to examine it, and had been there a

few minutes when Deputy Bell drove up. He further testified that he had hauled such a drink box in his truck a short time before, using it as a bait box.

All defendants were found guilty as charged. From judgments imposing imprisonment, all defendants appeal.

*Attorney General Edmisten by Senior Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Guy A. Hamlin for the State.*

*Love & Ward by Jimmy L. Love for defendant appellant, Charles Estes; Harrington & Shaw by Gerald E. Shaw for defendant appellants Jerry Ellis, Clarence Lawson, Jr., and Charles Nowell.*

CLARK, Judge.

[1]   After entry of the jury verdicts, all defendants made motions "in arrest of judgment" on the following ground: The foreman of the grand jury by his signature attested that each bill of indictment was "A true bill," which failed to comply with the requirement of G.S. 15A-644(a)(5) that the signature of the foreman must attest "the concurrence of 12 or more grand jurors in the finding of a true bill of indictment."

A motion in arrest of judgment is one made after verdict and to prevent entry of judgment and is based upon the insufficiency of the indictment or some other fatal defect appearing on the face of the record. *State v. Davis,* 282 N.C. 107, 191 S.E. 2d 664 (1972); *State v. Fletcher* and *State v. St. Arnold,* 279 N.C. 85, 181 S.E. 2d 405 (1971). A motion in arrest of judgment for a defect appearing on the face of the record proper traditionally could be made at any time, even in the Supreme Court. *State v. Stokes,* 274 N.C. 409, 163 S.E. 2d 770 (1968); *State v. McKeon,* 223 N.C. 404, 26 S.E. 2d 914 (1943).

The new Criminal Procedure Act, G.S. Ch. 15A, has changed some aspects of motions practice. Official Commentary, G.S. Ch. 15A, Art. 52. The alleged defect in the present case is on the face of the record proper and therefore, had it been a fatal defect at common law, could have been raised in a motion in arrest of judgment made at any time. However, under prior law there was no requirement that the foreman of a grand jury endorse the indictment. *State v. Avant,* 202 N.C.

State v. Ellis

680, 163 S.E. 806 (1932). The requirement that the foreman sign the indictment attesting the concurrence of twelve or more grand jurors in finding a true bill and therefore the potential for a facial defect relevant to this statement arose only with the enactment of G.S. Ch. 15A. G.S. 15A-955 provides:

> "The court on motion of the defendant may dismiss an indictment if it determines that:
>
> *   *   *   *
>
> (2) The requisite number of qualified grand jurors did not concur in finding the indictment, . . ."

The challenge to the foreman's statement at issue herein is in essence a challenge to the number of jurors concurring in the indictment. The motions of the defendants, though denominated "motions in arrest of judgment," were motions to dismiss under G.S. 15A-955.

G.S. 15A-952(b) (4) and (c) provide, with exceptions not relevant herein, that a motion to dismiss under G.S. 15A-955 "must be made at or before the time of arraignment if arraignment is held prior to the session of court for which the trial is calendared. If arraignment is to be held at the session for which trial is calendared, the motions must be filed on or before five o'clock p.m. on the Wednesday prior to. the session when trial of the case begins." The items constituting the record on appeal were not arranged "so far as practicable, in the order in which they occurred or were filed at the trial tribunal" as required by Rule 9(b) (4), Rules of Appellate Procedure. The record on appeal does not disclose when arraignments of defendants were held. However, since the motions were made after the verdicts had been returned, they clearly were not made at or before the times of arraignments as required under G.S. 15A-952(b) (4) and (c). The defendants' motions, not made in apt time, were properly denied. *State v. Gaines,* 283 N.C. 33, 194 S.E. 2d 839 (1973).

[2] The defendants also assign as error the denial of their motions for nonsuit. Upon motion for nonsuit, all the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable intendment thereon and every reasonable inference therefrom. See cases cited in 4 Strong, N. C. Index, Criminal Law, § 104 (3d Ed. 1976). We find that the evidence, though circumstantial, was sufficient to

warrant its submission to the jury and to support the verdicts of guilty.

No error.

Judges MORRIS and ARNOLD concur.