22137

The STATE, Respondent, v. William James DUNBAR, Appellant.

(318 S. E. (2d) 16)

Supreme Court

*Asst. Appellate Defender William Isaac Diggs*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Harold M. Coombs, Jr.*, Columbia, and *Sol. Robert J. Harte*, Aiken, *for respondent.*

Heard June 4, 1984.

Decided July 5, 1984.

NESS, Justice:

Appellant, William James Dunbar, was convicted of housebreaking and sentenced to seven years imprisonment. We reverse.

On October 27, 1982, Mrs. Ima Gibbs, an Aiken County resident, discovered Dunbar in the utility room of her home. This room was connected to her house, and was accessible from the outside by way of a door opening into her carport. After questioning Dunbar as to what he was doing on her premises, Mrs. Gibbs noticed he was attempting to hide something under his coat. Dunbar then fled after Mrs. Gibbs left the carport area to call the police. When the police arrived Mrs. Gibbs identified Dunbar's picture from a six photo lineup which she was shown by the investigating officers.

Appellant first contends the trial judge erred in refusing to direct a verdict of acquittal, claiming the State failed to prove the essential element of a "breaking." We agree.

S. C. Code Ann. § 16-11-320(1) defines housebreaking as the breaking and entering of a dwelling house of another, in the daytime, with intent to commit a crime therein. *See also State v. Suttles*, 279 S. C. 87, 302 S. E. (2d) 338 (1983). Clearly, "the law of this State requires some proof of a

'breaking' " in order to convict an individual of this crime. *State v. Brooks*, 277 S. C. 111, 112, 283 S. E. (2d) 830, 831 (1981).

"A breaking essential to constitute the crime of house-
■ breaking may be any act of physical force, however
slight, whereby *any obstruction to entering is forcibly removed.*" (Emphasis added.) *In the Matter of Harry C.*, 313 S. E. (2d) 287 (S. C. 1984). Mrs. Gibbs testified the door leading from the carport to the utility room had been open at the time in question, as she had removed some clothes from a dryer located in the utility room a short time prior to her encounter with Dunbar. This testimony indicates no obstruction was removed to gain entrance to the utility room. Consequently, we hold the trial court erred in refusing to direct a verdict of acquittal on the housebreaking charge, as the threshold requirement of "breaking" was not satisfied.

Although the facts of this case do not support an
■■ indictment for housebreaking, we note for the edifica-
tion of the solicitors that Dunbar could have properly been indicted under S. C. Code Ann. § 16-13-170 (1976), which provides that "[a]ny person who shall enter, without breaking, or attempt to enter any house ..., with intent to steal or commit any other crime ... shall be guilty of a misdemeanor...." As this crime constitutes a lesser included offense of housebreaking, double jeopardy now precludes reindictment under § 16-13-170.

Reversed.

LITTLEJOHN, C. J., GREGORY and HARWELL, JJ., and ALEXANDER M. SANDERS, JR., as Acting Associate Justice, concur.