22410

The STATE, Appellant, v. Robert Gordon MILLER, Respondent.
(337 S. E. (2d) 883)

Supreme Court

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Carlisle Roberts, Jr.*, Columbia, and *Sol. Jim Dunn*, Conway, *for appellant.*

*George M. Hearn, Jr.*, Myrtle Beach, and *Kay Gorenflo Hearn*, Loris, *for respondent.*

Heard June 3, 1985.

Decided Nov. 10, 1985.

GREGORY, Justice:

Respondent Robert Gordon Miller was indicted for murder, housebreaking, and larceny. The case was tried before a jury as a capital murder case. At the conclusion of the State's case, respondent moved for a directed verdict which was denied. Respondent then rested without presenting evidence and renewed his motion for a directed verdict. The trial judge took the motion under advisement, and submitted the case to the jury.[1] The jury returned a verdict finding Miller guilty on all counts. The

---

[1] By submitting the case to the jury, an act inconsistent with granting the motion, the trial judge impliedly denied the motion.

trial judge then granted respondent's motion for a judgment notwithstanding the verdict.[2] The State appeals. We affirm in part, reverse in part, and remand for sentencing.

On Sunday, October 9, 1983, at 8:00 a.m., respondent rented a Ryder truck in Myrtle Beach. The truck had Arkansas License plates, which are yellow with black letters. Miller was employed by a Myrtle Beach furniture company, Resort Designs. Resort Designs was closed on Sunday, and there was evidence the warehouse had been locked since Friday.

At 9:00 a.m., the victim, Guy Patrick McLean, was last seen alive leaving his home in a blue Lincoln. He owned the building which housed Resort Design's warehouse. The Lincoln was seen at the warehouse at approximately 10:30 a.m.

At 12:00 noon, a car wash attendant in Rowland, North Carolina, some 80 miles from Myrtle Beach, was opening his car wash for the day. When he arrived, he observed a Ryder truck in one of the closed stalls. A white male in his early 20's was rinsing something red out of the truck. At trial, the attendant testified the truck was like the truck rented by respondent. He said the driver of the truck seemed anxious and nervous. Though the attendant was unable to recall the license number, he did remember the plates were yellow or gold with green or dark letters. He also saw furniture in the truck.

The truck hurriedly left the stall, barely giving the attendant a chance to remove the chain blocking the stall. The attendant called the Rowland police. The Chief of Police found something red in the stall, and immediately began searching for the truck.

Between 12:00 noon and 2:00 p.m., respondent delivered several pieces of furniture to Earl Cummings. Cummings

---

[2] It was improper for trial counsel to move for JNOV, a civil trial motion. In a criminal trial, a motion for a new trial is the only available post-trial motion addressing the sufficiency of evidence. *State v. Dawkins*, 32 S. C. 17, 10 S. E. 772 (1890). In the past, this Court has addressed the merits of such motions, failing to point out the impropriety of a criminal JNOV because the issue was not raised. *See e.g. State v. Schrock* and *State v. Dasher, infra.*

Similarly, the issue has not been raised here. Though appellant does challenge the trial judge's authority to grant a JNOV, the parties' briefs and oral arguments clearly address *only* evidentiary issues. Although the propriety of the motion would be an adequate ground for decision, we proceed to address the merits.

lived 8-10 miles from Rowland. The furniture was later identified as having been delivered to Resort Designs the prior week, and was valued at approximately Two Thousand ($2,000.00) Dollars. Miller had not purchased the furniture from Resort Designs. Cummings paid Miller $250.00 cash and $350.00 of "something else." Cummings placed one sofa in a back room. He never used, nor unwrapped it.

At 3:00 p.m., McLean's daughter came to the warehouse. She found the abandoned Lincoln and saw something red on the loading dock. The police were called. They found pools of Type A blood on the loading dock, and a 1 × 4 board with gray hairs in it. Several of McLean's personal effects were also found.

Sometime after 10:00 p.m., respondent returned to the closed rental lot. He left the truck, never returning to claim his $100.00 deposit. The odometer showed the truck traveled 208 miles.

The following morning, October 10th, a fire was seen at a trash dump near Miller's father's farm in Dillon. Dillon is between Rowland and Myrtle Beach. A round trip between Myrtle Beach and Rowland is approximately 190 miles. On Friday, October 14th, the charred remains of McLean were found at the same trash dump. Investigators also found more of the victim's personal effects. An autopsy showed McLean had died from a crushing blow to the skull. Medical records revealed he had Type A blood.

The case remained under investigation. Almost a year later, in September 1984, SLED agents examined the sofa in Cummings' house. It was still wrapped, and Cummings stated it had not been disturbed since Miller delivered it. Type A blood stains were found on the bottom of the sofa.

Where there is competent evidence to sustain a jury's verdict, the trial judge may not substitute his judgment for that of the jury and overturn that verdict. *State v. Dasher*, 278 S. C. 395, 297 S. E. (2d) 414 (1982).[3]

The lower court's order and respondent rely on this Court's recent decision in *State v. Schrock*, 285 S. C. 129, 322

---

[3] *Dasher* is on point with this case. In *Dasher*, the lower court overturned a guilty verdict in response to a defense motion for JNOV. The opinion did not address the propriety of the motion, *supra* note 2, but was decided on the merits because the procedural issue was not raised.

S. E. (2d) 450 (1984). Miller argues *Schrock* is on point because no direct evidence placing him at the crime scene was presented. *Schrock*, however, is distinguishable, standing for the simple proposition that a conviction will not stand where there is a complete absence of any competent evidence. *Schrock* will not be interpreted to impossibly increase the State's burden regarding cases relying solely on circumstantial evidence.

The test for the sufficiency of circumstantial evidence is well-established in our precedent. The inquiry is "... whether the evidence constitutes positive proof of facts and circumstances which reasonably tends to prove ... guilt ..., or from which guilt may be fairly and logically deduced, to the exclusion of any other reasonable hypothesis." *State v. Stewart*, 278 S. C. 296, 300, 295 S. E. (2d) 627, 629 (1982).

Respondent's first contention is there was no evidence presented below to sustain the jury's verdict for housebreaking. We agree.

Housebreaking requires a breaking and entering with the intent to commit a crime. S. C. Code Ann. § 16-11-320 (Cum. Supp. 1984). In the instant case, the State presented absolutely no competent evidence that a breaking occurred. The absence of this element is fatal to a charge of housebreaking. *State v. Dunbar*, 282 S. C. 169, 318 S. E. (2d) 16 (1984).

However, the record contains ample evidence supporting the larceny and murder charges, and the lower court erred in disturbing the jury's verdict as to these charges.

Larceny involves the felonious taking of the goods of another. *State v. Teal*, 225 S. C. 472, 82 S. E. (2d) 787 (1954). At trial, there was sufficient evidence to support the jury's verdict as to larceny.

First, there was evidence the furniture Miller delivered to Cummings on October 9th had been in the warehouse the prior week. Miller had not purchased the furniture, nor had Resort Designs sold it. Under these facts, the possession of the furniture is competent circumstantial evidence of larceny. *State v. Cooper*, 279 S. C. 301, 306 S. E. (2d) 598 (1983). Furthermore, Miller sold the furniture to Cummings for a fraction of its actual value. Since a reasonable juror could have found Miller guilty of larceny, the trial judge erred in disturbing the larceny verdict.

Finally, the lower court patently erred in overturning the murder conviction. The record below, unlike that of *Schrock, supra*, is replete with competent evidence of murder, and a reasonable juror could have found respondent guilty of murder, concluding McLean was killed when he caught Miller in the process of stealing the furniture.

The facts of this case clearly demonstrate the State met its burden in proving larceny and murder, and competent evidence supported the jury's decision. Therefore, the trial judge erred in disturbing the larceny and murder verdicts. *State v. Dasher, supra.*

We, accordingly, affirm the lower court's decision as to housebreaking, but reverse and reinstate the convictions for larceny and murder. The case is remanded for sentencing pursuant to S. C. Code Ann. § 16-3-20 (Cum. Supp. 1984).

Affirmed in part; reversed in part; and remanded.

HARWELL and CHANDLER, JJ., and FINNEY, Acting J., concur.

NESS, Acting C. J., concurs in part, dissents in part in a separate opinion.

NESS, Acting Chief Justice (concurring in part; dissenting in part):

I concur in part with the result reached by the majority, but on a different ground. The majority relies upon *State v. Dasher*, 278 S. C. 395, 297 S. E. (2d) 414 (1982), in which I dissented. I adhere to my views expressed in *Dasher*, as modified here.

The majority summarily states in a footnote that defense counsel's post verdict motion was improper, but declines to address the issue on the basis it is not properly raised. I disagree. Appellant's exceptions 2, 4 and 6 clearly question the trial judge's authority to grant a judgment notwithstanding the verdict. The State's argument as to these exceptions is deficient, but the issue is not abandoned.

In a criminal case, the trial judge has no authority to grant a judgment notwithstanding the verdict. The only post verdict fact-based remedy available in a criminal case is a motion for a new trial. *State v. Dawkins*, 32 S. C. 17, 10 S. E. 772 (1890).

In *State v. Dasher, supra,* this Court alluded to impropriety of a judgment N.O.V. in a criminal case by stating "[t]here is no precedent in this State for such action." *Id.* 297 S. E. (2d) at 416. However, the Court's holding did little to eliminate the confusion among members of the bench and bar as to the proper post verdict motions in a criminal case.

There are two motions available to defense counsel following a guilty verdict in a criminal case. He may move for verdict in arrest of judgment to prevent entry of judgment on the grounds of the insufficiency of the indictment or some other fatal defect appearing on the face of the record. *State v. Ellis,* 32 N. C. App. 226, 231 S. E. (2d) 285 (1977); *State v. Rafe,* 56 S. C. 379, 34 S. E. 660 (1900); *State v. Cooler,* 30 S. C. 105, 8 S. E. 692 (1889). He may *not* move for verdict in arrest of judgment based on the sufficiency of the evidence to sustain the allegations in the indictment. *State v. Hamilton,* 17 S. C. 462 (1882). Secondly, he may move for a new trial upon the facts. *State v. Dasher, supra.* See also, Rule 5, Criminal Practice Rules; *State v. Miller,* 223 S. C. 128, 74 S. E. (2d) 582 (1953). Thus, the trial judge has no authority to grant relief on factual grounds after a verdict of guilty that is equivalent to the relief he could have granted at the directed verdict stage.

A trial judge is understandably reluctant to grant a directed verdict and deny the jury an opportunity to consider the case. However, it is the trial judge's obligation to make the preliminary factual determination required by the motion for directed verdict. He may not defer this judgment to the jury. The trial judge does not have a second chance, after the verdict, to grant equivalent relief. His only authority to disturb a guilty verdict on a factual question is to grant a new trial.

The trial judge therefore erred in arresting the jury verdict on the basis of insufficient evidence. The only relief which he could have granted on this basis was a new trial, had the proper motion been made.[1]

I stated my opinion in the *Dasher* dissent that the State should not be allowed to appeal a "fact based post verdict judgment." I adhere to that view; however, I note that the

---

[1] Defendant's counsel on appeal did not represent him at the trial level.

only permissible "fact based post verdict judgment" which can be entered in a criminal case is the grant of a new trial. This view is consistent with previous decisions of this Court which deny the State the right to appeal the grant of a new trial. *State v. Lynn, et al.*, 120 S. C. 258, 113 S. E. 74 (1922); *State v. Byars*, 79 S. C. 174, 60 S. E. 448 (1908).

The majority's ruling on the facts is gratuitous and premature. Reversal is required on the procedural error. I believe it is fundamentally unfair for this Court to foreclose respondent from factual issues he may wish to raise when, and if, he appeals his conviction. I expressly decline to make any ruling as to the facts of this case.

After ruling that the trial judge had no authority to substitute his judgment for the judgment of the jury, the majority affirms the grant of judgment N.O.V. on the housebreaking conviction. This inconsistent ruling is error. The trial judge had no authority to grant judgment N.O.V. or verdict in arrest of judgment on any of the charges. I believe reversal is required on all of the charges and the case remanded for sentencing.