2316

The STATE, Respondent v. James Gerald GORE, Appellant.

(456 S.E. (2d) 419)

Court of Appeals

---

[3] Because we reverse on this issue, we need not address the individual appellants' other issues.

*Chief Attorney Daniel T. Stacey,* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Asst. Atty. Gen. Alexandria Broughton Skinner,* Columbia; and *Solicitor Thomas E. Pope,* York, *for respondent.*

Heard Feb. 8, 1995.

Decided Mar. 13, 1995; Reh. Den. Apr. 17, 1995.

HOWELL, Chief Judge:

James Gore was convicted of attempted breaking into a motor vehicle, possession of marijuana, and possession of burglary tools. He was sentenced to sixteen years of imprisonment, based on consecutive terms of five years, one year, and ten years for the respective offenses. Gore appeals the trial court's denial of his motion for a directed verdict on all three charges. We reverse on the attempted breaking conviction and affirm on the two possession convictions.

When reviewing the denial of a criminal defendant's directed verdict motion, an appellate court should affirm if there is any competent evidence to support the ver-

dict. *State v McClinton*, 265 S.C. 171, 217 S.E. (2d) 584 (1975). The facts viewed in the light most favorable to the State are as follows. In the early morning hours of July 7, 1992, Rock Hill police officers responded to a report that two people had parked a Mustang at a local restaurant and walked away from the vehicle. While some officers conducted surveillance of the unattended vehicle at the restaurant, another officer performed backup patrolling duties a few streets away. Enroute on foot to investigate a nearby school, the back-up officer heard "clanging noises" from a used auto sales lot. In the parking lot, the officer observed a Mustang with "feet sticking out both sides of it." After the policeman identified himself, one suspect came out from under the vehicle, while Gore remained on the ground. Assisting officers quickly arrived on the scene, and pulled Gore from beneath an adjacent car under which he had apparently rolled.

A wrench, a flashlight, and a bag of marijuana were found on the ground under the adjacent car. A second flashlight, C-clamp, and three bolts were found under the Mustang. There was no evidence of broken glass or sign of entry into the passenger compartment, trunk, gas tank, or hood of the Mustang, nor were any items missing from inside the car. However, the manager of the car lot testified that bolts were removed from the drive shaft and the drive shaft housing was damaged. A set of car keys was also found on Gore. The keys fit the car which had been parked at the restaurant. A search of that vehicle yielded drug paraphernalia used for smoking marijuana.

On appeal, Gore argues that the trial court should have granted his motions for directed verdicts of acquittal on each charge. We address each conviction in turn.

### I. *Attempted Breaking into a Motor Vehicle*

Gore was charged with the breaking or attempted breaking into a motor vehicle in violation of S.C. Code Ann. § 16-13-160 (1976) (amended 1993). In pertinent part, the statute makes it illegal for a person to "break or attempt to break into any motor vehicle or any compartment thereof." Gore claims that the State failed to produce sufficient evidence of a breaking or attempted breaking into the vehicle or one of its compartments. We agree.

The plain language of the statute requires a breaking or attempted breaking *into* the vehicle itself or one of its compartments. Thus, the question before us is whether the attempted removal of a component part amounts to an attempted breaking into a car or one of its compartments. The State apparently contends that attempting to steal any single part of a car constitutes an attempt to break into the car itself, if not one of the compartments of the car, thus satisfying the requirements of the statute. We disagree. Criminal statutes must be strictly construed against the State and in favor of the defendant. *Williams v. State,* 306 S.C. 89, 410 S.E. (2d) 563 (1991). As we read the statute, it is clear that the word "vehicle" refers to the passenger area of the car. However, there was no evidence that Gore was attempting to gain entry into the passenger area. Therefore, to sustain the conviction, Gore's actions must have amounted to an attempted breaking into a compartment of the vehicle.

In general usage, a "compartment" refers to a separate area, section, or chamber of a larger area. *See, e.g.,* American Heritage Dictionary 300 (2d College ed.) In the context of the statute, therefore, "compartment" must refer to a separate area or chamber of the vehicle itself, and would include the trunk area, the engine compartment, and the gas tank. A breaking is "any act of physical force, however slight, whereby *any obstruction to entering* is forcibly removed. . . . If any force be required and employed to remove or displace *that which has been placed there to close the opening,* this is enough." *State v. Maxey,* 218 S.C. 106, 114-15, 62 S.E. (2d) 100, 104 (1950) (emphasis added). While there was ample evidence that Gore was attempting to remove the drive shaft, there was no evidence that the drive shaft in any way closes an opening to the engine compartment. Thus, attempting to remove the drive shaft does not amount to attempting to break into the engine compartment, just as breaking off an antenna does not amount to breaking into the trunk, nor does removing a sideview mirror amount to breaking into the passenger compartment.

The State, however, argues that Gore broke into the engine compartment because he entered the engine compartment, comparing Gore's crime to burglary. An unlawful entry without a breaking is sufficient for a burglary

conviction because our burglary statutes no longer include breaking as an element. S.C. Code Ann. §§ 16-11-311-313 (Supp. 1993); *State v. Kornahrens*, 290 S.C. 281, 350 S.E. (2d) 180 (1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1592, 94 L.Ed. (2d) 781 (1987). However, the statute under which Gore was convicted explicitly requires a breaking; mere entry is not enough. *Cf. State v. Dunbar*, 282 S.C. 169, 318 S.E. (2d) 16 (1984) (under former housebreaking statute, breaking requirement not satisfied where accused entered house via carport without opening any doors or removing obstructions). Thus, even if it could be said that Gore entered the engine compartment by going under the car, the entry is not enough to sustain the conviction. Because Gore removed no obstruction to gain entry to the engine compartment, the statute's breaking requirement was not satisfied. *Id.*

Gore could have been charged under our tampering with a vehicle statute, which prohibits, *inter alia*, the damaging or removal of any parts or components of a vehicle. S.C. Code Ann. § 16-21-90 (1976). However, the State instead charged him under a statute which explicitly requires a breaking. The trial court has a duty to direct a verdict when there is an absence of evidence of a material element of an offense. *State v. Schrock*, 283 S.C. 129, 322 S.E. (2d) 450 (1984). The State produced no evidence, direct or circumstantial, that Gore attempted to break into the vehicle or one of its compartments. Gore's motion for directed verdict on that charge should therefore have been granted. Accordingly, the jury's verdict is reversed and the case is remanded for entry of judgment of acquittal in accordance with this decision.

## II. *Possession of Marijuana*

In South Carolina it is illegal for a person to "knowingly or intentionally" possess marijuana. S.C. Code Ann. § 44-53-370(c) (1976). The State must show that the defendant both: (1) had possession of marijuana; and (2) intended or knew that he had marijuana in his possession. Gore argues that the State failed to present sufficient evidence of a possession. We disagree.

Possession requires more than mere presence, *State v. Lee*, 298 S.C. 362, 380 S.E. (2d) 834 (1989), and may be actual or constructive. *State v. Ellis*, 263 S.C. 12, 207

S.E. (2d) 408 (1974). Actual possession occurs when "the drugs are found to be in the actual physical custody of the person"; constructive possession occurs "when the person charged with possession has dominion and control over either the drugs or the premises upon which the drugs were found." *Ellis*, 263 S.C. at 22, 207 S.E. (2d) at 413. Possession may be proved by circumstantial evidence. *State v. Sullivan*, 277 S.C. 35, 282 S.E. (2d) 838 (1981).

The knowledge element may be proved circumstantially by evidence of acts, declarations, or conduct of the accused from which an inference may be drawn that the accused knew of the existence of the prohibited substance. *State v. Attardo*, 263 S.C. 546, 211 S.E. (2d) 868 (1975). Possession gives rise to an inference of the possessors's knowledge of the character of the substance. *Id.* A defendant's knowledge may be equated with or substituted for the intent element. *State v. Kimbrell*, 294 S.C. 51, 362 S.E. (2d) 630 (1987); *State v. Lane*, 271 S.C. 68, 245 S.E. (2d) 114 (1978).

Viewing the evidence most favorably to the State, we find that the possession issue was properly submitted to the jury. The bag of marijuana was found after 1:00 a.m. in a vacant parking lot under the car where Gore had been. Drug paraphernalia that may be used for marijuana was found in Gore's car. Under these facts, there was sufficient evidence from which a jury could reasonably find that Gore both possessed the marijuana and knew he possessed the marijuana. Gore's motion for directed verdict therefore was properly denied.

### III. *Possession of Burglary Tools*

In pertinent part, the essential elements of this offense prohibit a person from having in his possession "any engine, machine, tool . . . or thing adapted, designed or commonly used for the commission of burglary, larceny, safecracking or other crime, under circumstances evincing any intent to use or employ or allow the same to be used or employed in the commission of a crime or knowing that the same are intended to be so used." S.C. Code Ann. § 16-11-20 (1976) (amended 1993). Gore argues that the State failed to present sufficient evidence that he was in possession of the tools. We disagree.

The State produced sufficient evidence for a jury to con-

clude that Gore was in actual or constructive possession of the tools. The same evidence which was sufficient to support the conviction on the marijuana charge is likewise sufficient circumstantial evidence for a jury to infer that Gore possessed the proscribed tools under circumstances evincing the requisite intent to commit a crime. The trial court thus properly denied Gore's motion.

Accordingly, for the foregoing reasons, the judgment is hereby

Affirmed in part, reversed in part, and remanded.

CURETON and CONNOR, JJ., concur.