**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

John Alexander Webb, Respondent.

Appellate Case No. 2020-000081

_____

Appeal From Horry County
Alexander S. Macaulay, Circuit Court Judge

_____

Unpublished Opinion No. 2023-UP-059
Submitted November 1, 2022 – Filed February 15, 2023

_____

**REVERSED AND REMANDED**

_____

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., both of Columbia, for Appellant.

Lacey Marie Thompson, of Columbia, for Respondent.

_____

**PER CURIAM:** The State appeals the trial court's decision to grant John
Alexander Webb's motion in arrest of judgment. On appeal, the State argues the
trial court erred in granting Webb's motion because it was used to challenge the
sufficiency of the evidence as opposed to the validity of the indictment, and in

subsequently vacating the jury's verdicts of guilty and entering a verdict of not guilty on each charge.

Because the trial court relied on the sufficiency of the State's evidence against Webb, we reverse the trial court's order granting Webb's motion in arrest of judgment and remand for consideration of his motion for a new trial pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Taylor*, 348 S.C. 152, 160, 558 S.E.2d 917, 920 (Ct. App. 2001), *aff'd*, 355 S.C. 392, 585 S.E.2d 303 (2003) ("A 'motion for arrest of judgment' is a postverdict motion made to prevent the entry of a judgment where the charging document is insufficient or the court lacked jurisdiction to try the matter."); *id.* at 159, 558 S.E.2d at 920 ("Our courts have recognized the authority of a trial court to grant a verdict in arrest of judgment to prevent entry of judgment on the insufficiency of the indictment or some other fatal defect appearing on the face of the record."); *State v. Follin*, 352 S.C. 235, 259, 573 S.E.2d 812, 824 (Ct. App. 2002) ("However, the defendant may not move for a verdict in arrest of judgment based on the insufficiency of the evidence to support the charges in the indictment."); *id.* at 259, 573 S.E.2d at 825 ("[W]hen ruling on a motion in arrest of judgment, the trial court is limited to rectifying trial errors, and cannot make a redetermination of the credibility and weight of the evidence." (alteration in original) (quoting 21 Am. Jur. 2d *Criminal Law* § 700 (1998))); *Nw. Airlines, Inc. v. Cnty. of Kent, Mich.*, 510 U.S. 355, 364 (1994) ("A cross-petition is required . . . when the respondent seeks to alter the judgment below." (citations omitted)); *Commercial Credit Loans, Inc. v. Riddle*, 334 S.C. 176, 187, 512 S.E.2d 123, 129 (Ct. App. 1999) (declining to address an issue raised in the respondent's brief when the respondent failed to appeal the trial court's order); Rule 203(c), SCACR (detailing the proper procedure for filing a cross-appeal).

**REVERSED AND REMANDED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.